COPE, Judge,
specially concurring.
I join in the majority opinion, and add the following observations about Administrative Memorandum 94-4.
The circuit court ruled that Administrative Memorandum 94-4, issued by the administrative judge of the county court, criminal division, was invalid.[2] The court reasoned that the Administrative Memorandum was in substance an administrative order as defined by Florida Rule of Judicial Administration 2.020(c). The court concluded that there had to be a written delegation of authority from the chief judge to the administrative judge in order to authorize the issuance of the Administrative Memorandum or, presumably, the chief judge of the court would also have to sign the Administrative Memorandum.
First, the circuit court should not have reached this issue because defendant never presented this argument in the county court at the September 14 hearing. In fact, the record reflects that defendant followed the instructions within the Administrative Memorandum by inspecting the documents in the Justice Building library, and submitted a follow-up request on the standard form prescribed by the Administrative Memorandum — although defendant did not take these steps until the day of trial.
Second, the Administrative Memorandum is not properly viewed as constituting an administrative order as defined in Florida Rule of Judicial Administration 2.020(c). In my view, a memorandum governing procedure' or administrative matters within a single division of the county (or circuit) court does not constitute an administrative order for purposes of Rule 2.020(c) and may properly be issued by the administrative judge. To hold otherwise would defeat the purpose of having administrative divisions.[3]
Finally, for the purposes of the present case the validity or invalidity of the Administrative Memorandum is much ado about very little. Even if there were any infirmity in the Administrative Memorandum, that would not provide any solace for the defendant. The Administrative Memorandum promulgated a form for the defendant to fill out if any of the intoxilyzer maintenance documents were missing, and allowed the state five working days to produce the missing documents. If the Administrative Memorandum did not exist, then it would simply mean *36 that instead of using the standard form promulgated by the Administrative Memorandum, defendant would be obliged to inform the state of the missing documents orally or by letter and/or file a motion to compel production of the missing documents. Attacking the Administrative Memorandum does not relieve the defendant of the obligation to take timely and appropriate action to request the documents and follow up if need be.

. The Administrative Memorandum is summarized in footnote 1 of the majority opinion.

. It may be desirable to have a formal delegation of authority from the chief judge to the administrative judge, but I do not think it is required.